**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| STEPHEN MATERA,<br><br>     *Plaintiff,*<br><br>  v.<br><br>NIAGARA TOURISM AND CONVENTION CORPORATION; MERANI HOTEL GROUP INC., and DOES 1-100,<br><br>     *Defendants*. | Case No.: 1:26-cv-00641<br><br>**COMPLAINT FOR**<br>**COPYRIGHT INFRINGEMENT**<br><br><br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Stephen Matera ("Plaintiff" or "Mr. Matera"), alleges upon his personal knowledge, and on information and belief based on the investigation of Plaintiff's counsel, as to all other conduct alleged herein, for his complaint ("Complaint") against Defendants Niagara Tourism and Convention Corporation ("Destination Niagara"), Merani Hotel Group, Inc. ("Merani") and Does 1-100 ("Doe Defendants"), (collectively hereinafter referred to as the "Defendants"), as follows:

**PRELIMINARY STATEMENT**

1. This action is being commenced by the Plaintiff Matera under the United States Copyright Act of 1976, as amended, 17 U.S.C. § 101 *et seq.*

2. Plaintiff is an acclaimed professional photographer who produces and licenses his copyrighted photographs to various national companies and brands, including for both editorial and commercial use. Within the last three years of filing this action, he has discovered that the Defendants, without his consent, authorization or permission have exploited, used, distributed, publicly displayed or otherwise infringed and assisted or induced infringement of his original, copyright-protected works (defined *infra*) on commercial websites and to otherwise promote and market their business interests.

1

3.    Plaintiff is informed and believes that as of the date of this complaint, and despite being on actual notice and with actual knowledge, Defendants continue to willfully and recklessly exploit and distribute Plaintiff's copyrighted works and/or display such works and absent Court intervention, will continue to do the same.

4.    To protect his copyrighted materials and his livelihood, Plaintiff seeks injunctive relief to stop the Defendants from exploiting his protected work product, and infringement damages and damages for copyright management information violations against Defendants.

## JURISDICTION

5.    This Court has subject matter jurisdiction over this action pursuant to the Copyright Act of the United States, as amended, 17 U.S.C. § 101 *et seq.* as this action is for damages and preliminary and permanent injunctive relief arising from Defendants' copyright infringements in violation of 17 U.S.C. § 101 *et seq.*  This Court has federal question jurisdiction over the subject matter of this action under 28 U.S.C. § 1331 and § 1338(a).

6.    This Court has personal jurisdiction over the Defendants because, on information and belief, Defendants have their principal place of business and/or corporate headquarters located in the Western District of New York and as to all Defendants this action arises out of their contacts in this District and/or with the other DOE Defendants in the Western District of New York.

## VENUE

7.    Venue is proper in this district pursuant to 28 U.S.C § 1391(b)(1) and (c)(2), and 28 U.S.C. § 1400(a), as upon information and belief Defendants Destination Niagara and Merani Hotel are headquartered in Niagara Falls, New York and this action arises out of Defendants' contacts in this District and/or with the other Defendants in the Western District of New York.

8.    Defendants are all found in the District, and a substantial part of the events and transactions giving rise to the claims alleged herein occurred in this District.

## THE PARTIES

9.    At all times relevant herein, Plaintiff was and is an individual residing in the State of Washington. Mr. Matera is an acclaimed commercial outdoor lifestyle, landscape and wildlife

photographer. Mr. Matera's photographs are copyrighted images to which he owns all right, title, and interest.

10.     Plaintiff operates the websites https://www.stephenmatera.com/ and www.materaphoto.com, and regularly licenses his copyrighted images using a rights-managed licensing model.

11.     Defendant Niagara Tourism and Convention Corporation, d/b/a "Destination Niagara USA" (hereinafter "Destination Niagara") was and is a New York Non-Profit Corporation, with its principal address at 10 Rainbow Boulevard Niagara Falls, New York 14303. It may be served at The Corporation, 151 Buffalo Avenue, Ste. 204, Niagara Falls, New York 14303.

12.     Upon information and belief, Destination Niagara, is engaged in the business of advertising and marketing for tourism in the Niagara Falls region.  Destination Niagara is funded in part by a bed-tax generated from hotels in the county and otherwise consequently benefits from increased tourism in the area, including renewal of contracts from successful marketing efforts.

13.      Destination Niagara's board of directors comprises, in part, of representatives from for-profit hospitality companies such as the Delaware North Companies, Inc.[1] and Merani Hotel Group that each also derive an economic benefit from increased tourism in the region and which also infringed upon and/or contributed to and induced infringement of Plaintiff's works.

14.     Based on Destination Niagara's success of its marketing campaigns (which included the infringing uses of Plaintiff's photographs at issue here), its contract with the County of Niagara has been renewed.

15.     Due in part to Destination Niagara's marketing efforts, including the infringement alleged herein, Destination Niagara has been lauded as successful in its marketing efforts:

---

[1] While Delaware North Companies are not currently a party to this lawsuit, Plaintiff contends that it is jointly and severally responsible with the Destination Niagara Defendants for the infringement herein and the Complaint may be amended.

John Percy, CEO of Destination Niagara USA, said the organization has been hitting its metrics, as tourism spending in Niagara County reached $831 million in 2021, which represents an increase of 9 percent over pre-pandemic levels. More than $52 million in local taxes were generated by tourism in 2021, and 21 percent of Niagara County's total workforce is employed in the industry, according to an economic impact study done by Tourism Economics.

https://www.niagaracounty.gov/news_detail_T8_R402.php

16.    Defendant Merani Hotel Group, Inc. is a New York corporation headquartered at 7001 Buffalo Avenue, Niagara Falls, New York, 14304 where it may be served. Upon information and belief, Merani is a hospitality and hotel group that owns and/or operates hotels in the Niagara Falls area and uses a variety of marketing mechanisms to advertise and drive business to its hotels, restaurants, and hospitality venues.

17.    Plaintiff does not presently know the true names and capacities of the Defendants named as Does 1 through 100 and therefore sues such Defendants by these fictitious names. Plaintiff believes that the Doe Defendants are persons or entities who are involved in the acts set forth below, either as independent contractors, agents, or employees of the known Defendant, or through entering into a conspiracy and agreement with the known Defendant to perform these acts, for financial gain and profit, in violation of Plaintiff's rights. Plaintiff will request leave of the Court to amend this Complaint to set forth their true names, identities and capacities when Plaintiff ascertains them. The Doe Defendants and the known Defendant are referred to collectively as "Defendants."

18.    Upon information and belief and at all times hereinafter mentioned, Defendants have been or are responsible parties for the infringement alleged herein, and/or are the principals, officers, directors, agents, employees, representatives, and/or co-conspirators of each of the other Defendants, and in such capacity or capacities participated in the acts or conduct alleged herein and incurred liability therefor. Upon information and belief, at some unknown time, the Defendants or some of them entered into a conspiracy with other of the Defendants to commit the wrongful acts described herein; the actions described below were taken in furtherance of such conspiracy; and Defendants aided and abetted each other in the wrongful acts alleged herein. Upon

information and belief and at all times hereinafter mentioned, each of the Defendants acted for personal gain or in furtherance of their own financial advantage in doing the acts alleged below. Below, Destination Niagara and Does 1-100 (downstream infringers) will collectively be referred to as the Destination Niagara Defendants.

## ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

19.     Plaintiff incorporates by reference each allegation contained in the preceding paragraphs of this Complaint as if fully set forth herein.

20.     In September 2016, Plaintiff conducted a photography shoot at Niagara Falls State Park that was arranged by Peter Mayer, an advertising agency.  As a result of the shoot, Plaintiff created original and creative photographs. Plaintiff licensed for limited purposes to Niagara Falls State Park ("NFSP") thirty (30) photographs for NFSP to use in print or electronic formats (the "30 Photographs" or the ("Photographs").

21.     Plaintiff is the sole copyright owner of the 30 Photographs.

22.     The limited written license to NFSP governed the rights granted by Mr. Matera and expressly prohibited any re-license (or in other words sublicensing rights) of one of the 30 Photographs to another company or entity. Mr. Matera retained all copyright in the photographs that were licensed to NFSP. Any additional use beyond the limited rights explicitly and expressly required a separate license.

23.     On information and belief, NFSP is a New York State Park owned and managed by the New York State Office of Parks.[2] While the New York Office of Parks contracts with other private companies for various marketing or services related to Niagara Falls State Park, such as the Delaware North Companies or Destination Niagara, those entities are independent from Niagara Falls State Park, non-governmental entities.

---

[2] See, https://media.delawarenorth.com/delaware-north-to-continue-providing-concessions-and-visitors-services-at-niagara-falls-state-park/

24.     Plaintiff Matera has never licensed to Delaware North Companies or Destination Niagara or Defendant Merani Hotel Group, Inc. to use, distribute or display the Photographs in any way.

25.     Mr. Matera registered the 30 Photographs as part of Copyright Registration VAu001258896, with an effective date of November 14, 2016 (the "Registration"). Registration with the United States Copyright Office within five (5) years of first publication is sufficient to constitute *prima facie* ownership of the Photographs.   Registration also fulfills a condition precedent for filing a copyright infringement case.

26.     The 30 Photographs were original works by Mr. Matera and not works for hire.

27.     Since the US Copyright Office Register determined that the Photographs are copyrightable and meet other statutory requirements, she issued a certificate of registration under § 410(a).  *See Unicolors, Inc. v. H&M Hennes & Mauritz, L. P.*, 595 U.S. 178, 181, 142 S. Ct. 941, 945, 211 L. Ed. 2d 586 (2022). Importantly, Plaintiff's registration certificate creates a presumption of validity and ownership with respect to individually registered works.  17 U.S.C. § 410(c).  As was Mr. Matera's practice, the file name of each of the 30 Photographs was the file name or names of the photographs registered and as deposited with the Copyright Office in the Registration. Each file contained copyright management information in the electronic image files as registered ("CMI"). On information and belief, the Destination Niagara Defendants may have obtained a copy of at least a subset of the 30 Photographs, the "14 Photographs" (defined below) which at the time they obtained the Photographs contained Plaintiff's original CMI intact.

28.     Destination Niagara Defendants infringed and/or induced, contributed to and/or vicariously infringed the 14 Photographs.

29.     Mr. Matera is informed and believes that all Defendants, knew of and/or had reason to know of Mr. Matera's copyright in the 30 Photographs, the limitations on the license to NFSP and that additional licenses and agreed fees would be required for any use outside the scope of the license to NFSP.

30.     Upon information and belief, after the 30 Photographs had been registered, the Destination Niagara Defendants conspired with other entities and parties such as the Delaware North Companies[3] to engage in infringing activity with respect to the 14 Photographs, including to distribute, upload, copy, publicly display, and re-license or sub-license them and/or encourage, induce, enable or aid and abet others to infringe, and otherwise provide copies of the 14 Photographs to others for republication, public display and upload in a variety of media without authorization from Plaintiff or a legal defense.

31.     Shown below are thumbnails of the 14 Photographs Mr. Matera discovered were infringed by Destination Niagara and Doe Defendants ("Destination Niagara Defendants") to date which for reference correspond to the following files in the Registration which file name also references and contains CMI of the date taken, author and unique file name:

 

Stephen_Matera_9-13-16_DSC5966          Stephen_Matera_9-13-16_DSC5290

---

[3]For example, according to the Albany County Convention & Visitors Bureau DBA Discover Albany, the Albany County New York State Office of General Services and New York State Parks have both stated that Delaware North was "the company responsible for handling this campaign" involving the use of Plaintiff's photographs at issue.



Stephen_Matera_9-13-16_DSC6949



Stephen_Matera_9-13-16_DSC5057



Stephen_Matera_9-13-16_DSC4966



Stephen_Matera_9-13-16_DSC5230



Stephen_Matera_9-13-16_DSC5215



Stephen_Matera_9-13-16_DSC4931

| | |
|---|---|
| <br>Stephen_Matera_9-13-16_DSC6463 | <br>Stephen_Matera_9-13-16_DSC6787 |
| <br>Stephen_Matera_9-13-16_DSC6956 | <br>Stephen_Matera_9-13-16_DSC6902 |
| <br>Stephen_Matera_9-13-16_DSC5038 | <br>Stephen_Matera_9-13-16_DSC5912 |

Collectively, the "14 Photographs" or the Photographs.

32.    Upon information and belief, as part of the Destination Niagara Defendants' infringing activities and to aid and abet others, Destination Niagara Defendants uploaded, copied and displayed at least some and/or all 14 Photographs to the website https://niagarausa.photoshelter.com/galleries/C0000nIAde.9_LR8/Media-Library (or related

URLs) and/or directed, induced, enabled, facilitated or encouraged downstream infringers to download and use, republish, upload and copy the 14 Photographs.

33.     Upon information and belief, the Destination Niagara Defendants owned, operated, managed, and/or controlled the website niagarafallsusa.com through which they encouraged the download and use and offered sublicenses of photographs and otherwise infringement or encouraged and induced infringement of the 14 Photographs[4].

34.     Plaintiff is further informed and believes that to conceal its infringing activity or induce and encourage infringement, the Destination Niagara Defendants and/or those they were in conspiracy with or their agents removed and/or altered or falsified CMI on at least the 14 Photographs and/or knowing that such CMI had been removed or altered, uploaded, distributed, and publicly displayed at least 14 of the Photographs.

35.     Defendant Merani uploaded, copied, and publicly displayed at least 4 of the above photographs to advertise and market its hotels, directly infringing the copyright of Mr. Matera and/or inducing others to download, share and distribute the photographs through social media. The four (4) photographs that Merani infringed are: Stephen_Matera_9-13-16_DSC6902, Stephen_Matera_9-13-16_DSC6949, Stephen_Matera_9-13-16_DSC5215, Stephen_Matera_9-13-16_DSC5966 and were uploaded and publicly displayed by Merani on various webpages or websites owned and operated by Merani such as https://bvniagara.com/local-sights/.
Plaintiff is informed and believes that at least the image (Stephen_Matera_9-13-16_DSC6902) contained certain copyright management information that provided actual and/or constructive

---

[4] For example, Destination Niagara states on its website: "Destination Niagara USA offers a variety of **high-resolution photos** to be used by media professionals for editorial use only. Photos may also be used by tour operators and meeting planners to encourage attendance at upcoming events in Niagara Falls USA. [¶] Before downloading images, you will be required to register. Once your request is approved, you can then download a variety of photos of Niagara Falls USA attractions, wineries, outdoor adventure activities, and more. Please credit Destination Niagara USA. [¶]To begin, **submit your request here**, or email Sara Cercone, Director of Communications, at…[email address]. Additional photography is also available upon request." https://www.niagarafallsusa.com/media/photo-requests/ (emphasis added)

notice of Stephen Matera's copyright in the photograph, and some CMI had been removed by Defendants.  Screenshots are provided as notice of such infringements:



36.    Despite being provided with actual notice that the Photographs were Stephen Matera's copyright and such use was unauthorized, Merani continued to publicly display and distribute such Photographs intentionally or with reckless disregard of Matera's rights.

37.    For example, Merani continued to infringe on Facebook, as shown below.[5]



---

[5]    on https://www.facebook.com/holidayinnniagarafallsny/photos/pb.100063719435113.-2207520000/1638897109479624/?type=3   (still infringing last visited March 31, 2026) https://scontent-lax3-1.xx.fbcdn.net/v/t39.30808-6/465257938_8672765269426071_3605492210644454245_n.jpg?_nc_cat=108&ccb=1-7&_nc_sid=13d280&_nc_ohc=IBlBa3h7AcMQ7kNvwHiOXI7&_nc_oc=AdkBP9BplQfcP9Z90FnomUfDzFQbvgFnIUgpWfW8X3HDlwMhJgfCGlpYDgQwX14-17cx20RHkliKovygjYBXMee9&_nc_zt=23&_nc_ht=scontent-lax3-1.xx&_nc_gid=vYt-8j6AyI3bo7eYWgd5Fg&_nc_ss=8&oh=00_AfzswHgoH00jPOD5dYYt2fevHcZJojpEPOlF8GY3J7hgbg&oe=69B68A17 (image URL)

38.    By way of further example, Trip Advisor has indicated that the infringing images were posted by management (i.e. of Merani) in April 2024 and are still infringing as shown below:[6]



---

[6]https://www.tripadvisor.com/Hotel_Review-g48261-d93674-Reviews-Holiday_Inn_Niagara_Falls_State_Park_Entry_By_IHG-Niagara_Falls_New_York.html#/media/93674/?type=MANAGEMENT&albumid=101&category=101 (last visited March 31, 2026); https://www.tripadvisor.com/Hotel_Review-g48261-d93674-Reviews-Holiday_Inn_Niagara_Falls_State_Park_Entry_By_IHG-Niagara_Falls_New_York.html#/media/93674/?type=MANAGEMENT&albumid=101&category=101

39.     If NFSP or other entities desired to use the 30 Photographs beyond the scope of license, they would have requested a license from Mr. Matera as they had done in the past such as when he was approached by a marketing company (associated with or in some way connected to Delaware North and/or the Destination Niagara Defendants) which was performing marketing services for NFSP and resulted in Plaintiff licensing the Niagara Falls Adventure Theatre for a wall mural of one of the 14 Photographs, which he authorized for an additional fee and limited by a specific time period.

40.     By way of example, Plaintiff is informed and believes that Destination Niagara Defendants created posters and other physical print media and took photographs of those images and distributed those to others, having added a false credit to Destination Niagara.  As shown below, Destination Niagara distributed the images and encouraged others to go to the website theothersideofNY.com, a site owned, controlled and/or operated by Destination Niagara USA[7] to enable infringement:



---

[7]   See, https://www.wnypapers.com/news/article/current/2019/04/17/136741/tourism-the-other-side-of-ny-marketing-campaign-launches-in-new-york-city (last visited March 31, 2026)(stating "Images courtesy of Destination Niagara USA"

41.     Here as shown below, Defendants, through the Niagarafallsusa.com website which they owned, controlled and/or operated, uploaded and publicly displayed at least one of the photographs:[8]





---

[8] https://web.archive.org/web/20220409025957/https://www.niagarafallsusa.com/directory/cave-of-the-winds-the-world-changed-here-pavilion/ (all metadata removed).
web.archive.org/web/20220119200957/https://www.niagarafallsusa.com/niagara-falls-state-park/

42.    Plaintiff's Photographs were a prominent feature of Destination Niagara's marketing efforts, and which Destination Niagara did not have a right to exploit. For example, in its 2019 Annual Report, Destination Niagara showed  website visitation of 1,330,345 on Destination Niagara's website and social media pages using Plaintiff's photograph as the main image on the exemplar website page operated by Destination Niagara USA as shown below:[9] 023.s3.amazonaws.com/images/archive/2344/annual_report_2019_nfusa.pdf?v=1691521003 (last visited March 31, 2026)(top left depicting infringing social media usage).  This indicates that Destination Niagara used paid social media to republish and distribute Plaintiff's copyrighted photograph resulting in 271 comments and 919 shares from https://www.niagarafallsusa.com as of the date of the report (its website).



43.    According to Destination Niagara, it owns and operates the website www.niagarafallsusa.com (See https://www.niagarafallsusa.com/privacy-policy/ ("This is the web site of Destination Niagara USA.")(last visited March 31, 2026).

---

[9] See https://niagara-usa-2023.s3.amazonaws.com/images/archive/2344/annual_report_2019_nfusa.pdf?v=1691521003.

44.     Destination Niagara used, copied, uploaded and publicly displayed the Photographs in a variety of media, including offering them for further distribution and distributing them to media outlets for use in television, video, internet, and print media by others.

45.     When Destination Niagara infringed, including through its distribution to others, it often required that downstream infringers provide a photo credit to entities other than Plaintiff, such as Niagara Falls State Park or Destination Niagara, which was knowingly false and misleading and intended to enable infringement.

46.     Plaintiff is unaware of the full extent of Destination Niagara's distribution of the Photographs to others and the extent to which it was successful in requiring false photo credit or attribution.

47.     This Complaint may be amended to reflect such instances after full discovery to conform to the evidence.

48.     Notwithstanding the foregoing, to facilitate infringement, including to induce downstream use, Destination Niagara removed copyright information and/or demanded that downstream infringers use false photo credit or attribution, rather than Plaintiff.

49.     By way of example, the 914th Force Squadron was provided with an infringing photograph by Destination Niagara and was instructed by Destination Niagara to credit Destination Niagara USA when using the photograph, resulting in false credit and infringing use of one of the photographs (Stephen_Matera_9-13-16_DSC6902) on niagarafss.com.    This is a textbook example of a CMI violation.

16

50.  When confronted with the infringing use of Photographs in August 2025, Purcell Enterprises, Inc. DBA LINKS Magazine stated, "Please see attached an email dated March 26, 2018, at 2:53 pm from Destination Niagara USA granting us editorial use of the images from their media library." And attached the below image from Destination Niagara showing as one of the images to download, Stephen_Matera_9-13-16_DSC6902.



51. Notably, Purcell had infringed Stephen_Matera_9-13-16_DSC5230 on an article located at https://linksmagazine.com/frugal-golfer-niagara-falls/ which bore the file name Crows-Nest.jpg as provided by Destination Niagara. The image was also uploaded to Purcel's Facebook page as a result of Destination Niagara's inducement:



52. Destination Niagara also distributed images to Jupiter Legend Corporation to induce their infringement of at least 3 of the 14 Photographs (examples shown below):

https://uvbookings.toursbms.com/en/product/detail?productCode=P00004203



https://uvbookings.toursbms.com/en/product/detail?productCode=P00002118



**From:** Destination Niagara USA <do-not-reply@photoshelter.com>
**Sent:** Thursday, March 04, 2021 9:27 AM
**To:** Huey Yu <hueyyu@uvbookings.com>
**Subject:** Niagara Falls USA Media Library

Destination Niagara USA

Hi there,

You've been invited to view "Media Library" collection in the Destination Niagara USA media library. You can click the following link to get there:

https://niagarausa.photoshelter.com/galleries/C0000nlAde.9_LR8/Media-Library

To download images, enter this password: hueyyu

**Sample Items:**



19

53.     Destination Niagara induced companies such as Jupiter Legend Corporation to infringe on the 14 Photographs, as proven through emails such as the one below where Destination Niagara uses one of Photographs as a "sample" of images for Jupiter Legend to use and which here resulted in least 3 infringements when Jupiter Legend used 3 of Plaintiff's Photographs to advertise its tour booking services on its website (used approximately 30 times) but potentially 3 images sent to others or posted elsewhere such as AAA.com. When confronted with the infringement for the 3 images, Jupiter Legend's marketing personnel wrote:

> Our company has been actively promoting Niagara Falls as a premier tourist destination for many years. The images of Niagara Falls that appear on our website are indeed authorized for our use. Specifically, these images have been obtained from the official Destination Niagara USA media library, which provides licenses for use by authorized parties. As such, we have full authorization to display and release these images to the public as part of our promotional efforts. Please refer to the content of the attachment; the Niagara Falls official website has indeed authorized us to use these images.

54.     By way of example of instances where false photo credit was provided to induce further infringement, Plaintiff is informed and believes that Destination Niagara distributed the below photograph to the Tribune Publishing Company which then provided false photograph credit to Destination Niagara.[10]



---

[10] https://www.courant.com/2018/04/01/visiting-niagara-falls-spectacular-beauty-but-prepare-to-get-drenched/ (6/22/2024);
https://web.archive.org/web/20230401105414/https://www.courant.com/2018/04/01/visiting-niagara-falls-spectacular-beauty-but-prepare-to-get-drenched/ (archive stored here)

55.     For example, when it licensed at least one of the 14 Photographs to The Brand USA, to allow for further republication, Destination Niagara also required and intended for false photo credit to be provided in the written licensing agreement for any Photograph:

If no photo credit is required for the images, please indicate that by writing "n/a" in the chart below.

| Image ID/Specific File Name (exactly as it is named) | Specific Location (of place featured in photo) | Photo Credit (if necessary) |
|---|---|---|
| 3000Hbx2_sunset_cropped.jpg | Siesta Key Beach, Sarasota, Florida | Amy Smith |
| Birding.jpg | Niagara Falls State Park, Niagara Falls, New York | Destination Niagara USA |
| Cave of the Winds.jpg | Niagara Falls State Park, Niagara Falls, New York | New York State Office of Parks, Recreation and Historic Preservation |
| Crow's Nest.jpg | Niagara Falls State Park, Niagara Falls, New York | Destination Niagara USA |

While it is unclear if birding.jpg or Crow's Nest.jpg (though they likely are) are Mr. Matera's photographs, the photograph image ID file was named Cave of the Winds.jpg and falsely provided photo credit to New York State Office of Parks, Recreation and Historic Preservation. Destination Niagara knew or should have known that such photo credit was false, and the Photograph appeared as shown below by The Brand USA[11]:



---

[11]https://web.archive.org/web/20250402083436im_/https://www.thebrandusa.com/sites/default/files/news/images/NY_Niagra%20Falls_DN_0225_Cave%20of%20the%20Winds_web72DPIextension_1.jpeg; https://web.archive.org/web/20250402033442/https://www.thebrandusa.com/media/newsroom/maximize-your-next-us-vacation-budget-friendly-tips-brand-usa

56.    Other downstream infringers that used the Photographs also obtained copies and were apparently encouraged and induced by Destination Niagara Defendants, include Invest Buffalo which unlawfully copied, distributed and uploaded this photograph distributing false copyright information,[12] crediting "Niagara USA" at Destination Niagara's request.






---

[12]    https://1954951.fs1.hubspotusercontent-na1.net/hubfs/1954951/2022_ReloGuide-Final-Digital-07_11_22-spreads.pdf; See also, Bottom left photograph where downstream infringer Invest Buffalo falsely credited copyright "Niagara USA" and another photographer Grant Taylor that did not take the subject photograph:

**FIRST CAUSE OF ACTION**

**Direct Copyright Infringement Pursuant to 17 U.S.C. §§ 106 And 501**

**(Against All Destination Niagara Defendants)**

57.    Plaintiff incorporates by reference each allegation contained in the preceding paragraphs as if fully set forth herein.

58.    Plaintiff is an acclaimed professional commercial photographer and authored the photographic works at issue in this case.

59.    Plaintiff submitted to the United States Copyright Office an application to obtain copyright registration for the 30 Photographs and obtained the Registration. Plaintiff is unaware whether the Defendants infringed more than the 14 Photographs and brings this current Complaint as to only the 14 Photographs and will amend this Complaint in the event he discovers additional images were infringed by Defendants.  The United States Copyright Office issued a registration under registration number VAU001258896, with an effective date of registration on November 14, 2016.

60.    The 14 Photographs are original and creative works entitled to copyright protection pursuant to the copyright laws of the United States and were duly registered with the United States Copyright Office under the Registration.

61.    As the sole owner of the copyrights in the 14 Photographs, Plaintiff holds the exclusive rights to reproduce, publicly distribute, and display the 14 Photographs pursuant to 17 U.S.C. §§ 106 and 501.

62.    The 14 Photographs were not a "work for hire."

63.    Plaintiff has incurred substantial time and expense in creating the 30 Photographs.

64.    Within the last three years, Plaintiff discovered that Destination Niagara Defendants have unlawfully copied, displayed, and distributed at least the 14 Photographs on repeated instances in different media and to different downstream infringers without a license or consent to advertise, market, and promote themselves and their services. Many of the infringements at issue also occurred within the last three (3) years.

65.	Plaintiff is informed and believes that the Destination Niagara Defendants, within the last three (3) years, infringed the 14 Photographs including by and without authorization or permission from Plaintiff, when they unlawfully copied/reproduced, uploaded/downloaded or caused to be uploaded/downloaded, publicly displayed, licensed/sub-licensed (without permission), offered for license, and distributed the 14 Photographs.

66.	Upon information and belief, Destination Niagara Defendants commenced infringement of the 14 Photographs after the Photographs had been registered with the United States Copyright Office.

67.	At all relevant times, Destination Niagara Defendants did not have a license or permission to use, display, distribute, copy, and/or reproduce the 14 Photographs.

68.	Destination Niagara Defendants engaged in infringing activity with actual and/or constructive knowledge, recklessness, and/or conscious disregard of the rights of Plaintiff and that they did not have consent and/or a license to exploit the 14 Photographs in the manner in which they did, constituting willful violation of Plaintiff's copyrights.

69.	Defendants' conduct constitutes direct copyright infringement.

70.	Destination Niagara Defendants had the right and ability to control the 14 Photographs that were copied/reproduced, uploaded/downloaded, publicly displayed, and distributed on the Websites and continue to have such right and ability to control.

71.	Destination Niagara Defendants unlawful use of copies of Plaintiff's original photographic works has diminished the value of the original photographic works by distributing and encouraging redistribution of the photographic works without identifying the photographic works as being the exclusive property of or copyright of Plaintiff.

72.	Destination Niagara Defendants' unlawful acts have been and are interfering with and undermining Plaintiff's ability to market Plaintiff's original photographic works, thereby harming the value and prejudicing the sale or license by Plaintiff of his own photographic work.

73.	Each violation of each Plaintiff's rights in the copyrighted 14 Photographs constitutes a separate and distinct act of copyright infringement.

74.    Destination Niagara Defendants' conduct alleged herein constitutes willful direct infringement of Plaintiff's copyrights and exclusive rights to reproduce, redistribute, perform the copyrighted works, display the copyrighted works under copyright in the Photographs in violation of Sections 106 and 501 of the Copyright Act (17 U.S.C. §§ 106 et seq. and 501 et seq.).

75.    As a direct and proximate result of Defendants' infringements, Plaintiff was damaged and is entitled to recover from Defendants the damages pursuant to 17 U.S.C. § 504(b), including attorney's fees pursuant to 17 U.S.C. § 505, he has sustained and will sustain, and any gains, profits and advantages obtained by Defendants as a result of their acts of infringement alleged above.

76.    At present, the amount of damages, gains, profits and advantages cannot be fully ascertained by Plaintiff, but will be established according to proof at trial.

77.    In the alternative, Plaintiff seeks to recover statutory damages for Defendants' infringement of his copyrights of up to $150,000.00 per work, pursuant to 17 U.S.C. § 504(c).

78.    Pursuant to 17 U.S.C. § 502, Plaintiff is also entitled to a preliminary and permanent injunction restraining Defendants from engaging in further acts of copyright infringement and causing irreparable damage to Plaintiff for which he has no adequate remedy of law.

## SECOND CAUSE OF ACTION

### (Copyright Infringement – Direct and Secondary)

### (Against Merani and Does 1-100)

79.    Plaintiff incorporates by reference each allegation contained in the preceding paragraphs of this Complaint as if fully set forth herein

80.    Defendant Merani directly infringed four (4) of the Photographs (Stephen_Matera_9-13-16_DSC6949, Stephen_Matera_9-13-16_DSC5215, Stephen_Matera_9-13-16_DSC5966, Stephen_Matera_9-13-16_DSC6902)("4 Photographs") when its employees and/or agents uploaded and publicly displayed on various webpages or websites owned and

operated by Merani and/or authorized, directed and ratified the use and infringement of such Photographs.

81.    Defendant Merani alternatively vicariously infringed said 4 Photographs because it owned, directed and managed the websites and/or pages and websites where the infringement occurred, and/or had the right and ability to control the websites where such infringement occurred, and profited or attempted to derive a direct financial benefit from such infringement.

82.    Defendant Merani also knew of the infringing activity, and despite such actual knowledge, intentionally, and/or recklessly continued to materially contribute and induce infringement through the continued display and distribution of at least some of the 4 Photographs such as those shown above.

83.    Each violation of each Plaintiff's rights in the copyrighted Photographs constitutes a separate and distinct act of copyright infringement.

84.    As a direct and proximate result of Defendants Merani's wrongful acts, Plaintiff has suffered and continues to suffer lost profits and damages.

85.    Merani's conduct alleged above constitutes willful direct infringement of Plaintiff's copyrights and exclusive rights to reproduce, redistribute, perform the copyrighted works, display the copyrighted works under copyright in the 4 Photographs in violation of Sections 106 and 501 of the Copyright Act (17 U.S.C. §§ 106 et seq. and 501 et seq.).

86.    As a direct and proximate result of Defendant Merani's infringements, Plaintiff was damaged and is entitled to relief, including but not limited to damages, including attorney's attorneys' fees he has incurred and will incur, pre-judgment interest, and any gains, profits and advantages obtained by Defendants as a result of the infringing acts alleged above. Plaintiff is presently unable to ascertain the full extent of the monetary damages he has suffered by reason of Defendants' acts of copyright infringement, but such damages will be established according to proof at trial.

87. In the alternative, Plaintiff seeks to recover statutory damages for infringement of his copyrights alleged herein of up to $150,000.00 per infringement, pursuant to 17 U.S.C. § 504(c).

88. Pursuant to 17 U.S.C. § 502, Plaintiff is also entitled to a preliminary and permanent injunction restraining Defendants from engaging in further acts of copyright infringement and causing irreparable damage to Plaintiff for which he has no adequate remedy of law.

### THIRD CAUSE OF ACTION

### (Secondary Copyright Infringement)

### (Against Destination Niagara Defendants)

89. Plaintiff incorporates by reference each allegation contained in the preceding paragraphs of this Complaint as if fully set forth herein.

90. Plaintiff is informed and believes that the Destination Niagara Defendants knew, had reason to know, acted in conscious disregard of knowledge of and risk of copyright infringement and/or violation of the rights of Plaintiff.

91. Plaintiff is informed and believes that in spite of such knowledge, the Destination Niagara Defendants intentionally and materially encouraged, aided, facilitated, contributed to, and induced downstream infringers to use, publicly display and distribute the 14 Photographs, including but not limited to: Merani (4 images), Blossom Tours International (3 images), Invest Buffalo (3 images), FB Display & Designs (4 images), Tribune Publishing (1 image), 914 Force Squadron (1 image), Purcell Enterprises DBA Links Magazine (at least 1 image),  Sarah Lemire (at 3 images); and Jupiter Legend Corporation (at least 3 images) and to otherwise infringe upon the 14 Photographs.

92. Such conduct alleged herein was willful and constitutes direct and secondary infringement of Plaintiff's copyrights and exclusive rights to reproduce, redistribute, perform the copyrighted works, display the copyrighted works under copyright inf the Photographs in violation of Sections 106 and 501 of the Copyright Act (17 U.S.C. §§ 106 et seq. and 501 et seq.).

93.    As a direct and proximate result of Defendants' infringements, Plaintiff was damaged and is entitled to relief, including but not limited to damages, including attorney's fees he has and will sustain, pre-judgment interest, and any gains, profits and advantages obtained by Destination Niagara Defendants because of the infringing acts alleged above. Plaintiff is presently unable to ascertain the full extent of the monetary damages he has suffered by reason of Defendants' acts of copyright infringement, but such damages will be established according to proof at trial.

94.    In the alternative, Plaintiff seeks to recover statutory damages for the infringement of his copyrights alleged herein of up to $150,000.00 per infringement, pursuant to 17 U.S.C. § 504(c).

95.    Pursuant to 17 U.S.C. § 502, Plaintiff is also entitled to a preliminary and permanent injunction restraining Defendants from engaging in further acts of copyright infringement and causing irreparable damage to Plaintiff for which he has no adequate remedy of law.

**FOURTH CAUSE OF ACTION**

**(Copyright Management Information Violations - 17 U.S.C. §§ 1202 & 1203)**

**(Against Destination Niagara Defendants)**

96.    Plaintiff incorporates by reference each allegation contained in the preceding paragraphs of this Complaint as if fully set forth herein.

97.    When Plaintiff registered the 14 Photographs and/or licensed them to NFSP, each of the 14 Photographs contained CMI which includes the file names of the photograph, author Stephen Matera, Copyright as "©Stephen Matera 206.715.4572" among other metadata such as that shown below or substantially similar:

| | |
|---|---|
| Rights | © Stephen Matera 206.715.4572 |
| Creator | Stephen Matera |
| Creator Work Email | stephen@materaphoto.com |
| Creator City | Seattle |
| Creator Region | Washington |
| Creator Country | United States |

| Creator Work Telephone | 206.715.4572 |
|---|---|
| Creator Work URL | www.materaphoto.com |

98. Plaintiff is informed and believes based upon examination of the image file names that appear to have been provided by Destination Niagara Defendants and/or their agents, or co-conspirators to downstream infringers, the file names were altered or removed and changed to remove CMI such as the name Stephen Matera as the author, the date of the photograph or specific file name that corresponded to the file name of the as deposited (with the Registration) copy. In addition, based on review of the files as used by the downstream infringers, it appears that at least some of the other CMI for the 14 photographs was removed or altered such as adding a false photo credit line attributing photo credit to Destination Niagara rather than Stephen Matera, the copyright owner and only licensor of the Photographs.

99. Plaintiff is informed and believes that Destination Niagara Defendants engaged in this conduct knowingly and with intent to induce, enable or conceal infringement, providing false CMI and/or distributing CMI that is false.

100. Plaintiff is informed and believes that Destination Niagara Defendants, without authority, intentionally removed or altered CMI, distributed CMI knowing that the CMI had been removed or altered without authority of the copyright owner and/or distributed and publicly displayed copies of works knowing that CMI had been altered or removed without authority of the copyright owner, knowing, or, with respect to civil remedies under section 1203, having reasonable grounds to know, that it will induce, enable, facilitate, or conceal an infringement of Plaintiff's rights.

101. Destination Niagara Defendants caused actual damages to Plaintiff which are awardable under 17 U.S.C. 1203(c)(2) and/or alternatively, Plaintiff seeks statutory damages in an amount of not less than $2,500 or up to $25,000 for each violation of section 1202 pursuant to 17 U.S.C. 1203(c)(3), along with interest, pre and post judgment interest and reasonable attorneys' fees and costs.

## DEMAND FOR JURY TRIAL

99.    Plaintiff hereby demands a trial by jury for any and all issues triable with right by a jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

**WHEREFORE**, Plaintiff Stephen Matera prays for judgment against Defendants and each of them as follows:

a.    On Plaintiff's First Cause of Action, a judgment and order granting preliminary and permanent injunctive relief enjoining Defendants and all other persons who are in active concert or participation with Defendant from continuing to infringe Plaintiff's copyrighted Photographs, including but not limited to:

(1)    enjoining Defendants, and all persons acting in concert or participation with them, from: directly or indirectly infringing in any manner, or causing, contributing to, enabling, facilitating, or participating in the infringement, of Plaintiff's copyrights (whether now in existence or hereafter created) or exclusive rights under copyright, and

(2)    the seizure of all property made in, or used to assist in, the violation of Plaintiff's exclusive copyrights pursuant to 17 U.S.C. § 503, including, but not limited to, all copies of the Photographs, all domains, Internet Protocol (IP) addresses, and all servers and other computer equipment used to publish, broadcast or archive the Photographs;

b.    On Plaintiff's First Cause of Action, a judgment and order declaring Defendants' actions and inactions as outlined herein amount to copyright infringement under 17 U.S.C. § 106 and 501, entitling Plaintiff to an award of his actual damages, and/or Defendants' profits including but not limited to any prejudgment interest and attorneys' fees and costs;

c.    On Plaintiff's First Cause of Action, a judgment and order declaring Defendants' actions and inactions as outlined herein amount to copyright infringement under 17 U.S.C. § 106 and 501, entitling Plaintiff to an award of his maximum statutory damages pursuant to Section 17 U.S.C. § 504(c), any prejudgment interest and attorneys' fees and costs;

d.      On Plaintiff's Second Cause of Action, a judgment and order granting preliminary and permanent injunctive relief enjoining Defendants and all other persons who are in active concert or participation with Defendant from continuing to infringe Plaintiff's copyrighted Photographs, including but not limited to:

(1)      enjoining Defendants, and all persons acting in concert or participation with them, from: directly or indirectly infringing in any manner, or causing, contributing to, enabling, facilitating, or participating in the infringement, of Plaintiff's copyrights (whether now in existence or hereafter created) or exclusive rights under copyright, and

(2)      the seizure of all property made in, or used to assist in, the violation of Plaintiff's exclusive copyrights pursuant to 17 U.S.C. § 503, including, but not limited to, all copies of the Photographs, all domains, Internet Protocol (IP) addresses, and all servers and other computer equipment used to publish, broadcast or archive the Photographs;

e.      On Plaintiff's Second Cause of Action, a judgment and order declaring Defendants' actions and inactions as outlined herein amount to copyright infringement under 17 U.S.C. § 106 and 501, entitling Plaintiff to an award of his actual damages, and/or Defendants' profits including but not limited to any prejudgment interest and attorneys' fees and costs;

f.      On Plaintiff's Second Cause of Action, a judgment and order declaring Defendants' actions and inactions as outlined herein amount to copyright infringement under 17 U.S.C. § 106 and 501, entitling Plaintiff to an award of his maximum statutory damages pursuant to Section 17 U.S.C. § 504(c), any prejudgment interest and attorneys' fees and costs;

g.      On Plaintiff's Third Cause of Action, a judgment and order granting preliminary and permanent injunctive relief enjoining Defendants and all other persons who are in active concert or participation with Defendant from continuing to infringe Plaintiff's copyrighted Photographs, including but not limited to:

31

(1)   enjoining Defendants, and all persons acting in concert or participation with them, from: directly or indirectly infringing in any manner, or causing, contributing to, enabling, facilitating, or participating in the infringement, of Plaintiff's copyrights (whether now in existence or hereafter created) or exclusive rights under copyright, and

(2)   the seizure of all property made in, or used to assist in, the violation of Plaintiff's exclusive copyrights pursuant to 17 U.S.C. § 503, including, but not limited to, all copies of the Photographs, all domains, Internet Protocol (IP) addresses, and all servers and other computer equipment used to publish, broadcast or archive the Photographs;

h.   On Plaintiff's Third Cause of Action, a judgment and order declaring Defendants' actions and inactions as outlined herein amount to copyright infringement under 17 U.S.C. § 106 and 501, entitling Plaintiff to an award of his actual damages and/or Defendants' profits, including but not limited to any prejudgment interest and attorneys' fees and costs;

i.   On Plaintiff's Third Cause of Action, a judgment and order declaring Defendants' actions and inactions as outlined herein amount to copyright infringement under 17 U.S.C. § 106 and 501, entitling Plaintiff to an award of his maximum statutory damages pursuant to Section 17 U.S.C. § 504(c), any prejudgment interest and attorneys' fees and costs;

j.   On Plaintiff's Fourth Cause of Action a judgment and order declaring Destination Niagara Defendants' actions and inactions as outlined herein amount to multiple violations under the Digital Millennium Copyright Act under 17 U.S.C. § 1202 entitling Plaintiff to an award of his actual damages, Defendants' profits, and/or maximum statutory damages pursuant to Section 17 U.S.C. §1202(c), any prejudgment interest and attorneys' fees and costs;

k.   For a full accounting under supervision of this Court of all profits, income, receipts, or other benefits derived by Defendants as a result of their willful and unlawful conduct;

l.   For pre- and post-judgment interest; and

32

m.      For such other and further relief as this Court deems just and appropriate.


Dated: March 31, 2026                          Respectfully Submitted,

                                               **JAMES H. BARTOLOMEI III, P.A.**

                                               By: */s/ James H. Bartolomei III*
                                               James H. Bartolomei III
                                               New York Bar Number 4880845
                                               Of Counsel at Duncan Firm, P.A.
                                               809 W. 3rd Street
                                               Little Rock, Arkansas 72201
                                               Telephone: 501-228-7600
                                               james@duncanfirm.com

                                               *Attorneys for Plaintiff Stephen Matera*